IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY J. AGUILAR,

    Petitioner,

vs.                                                                            2:20-cv-00362-RB-LF

DWAYNE SANTISTEVAN, and
ATTORNEY GENERAL for the
STATE of NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

    THIS MATTER comes before the Court on petitioner Anthony J. Aguilar's motion for an evidentiary hearing filed January 10, 2022. Doc. 16. Respondents Dwayne Santistevan and the Attorney General for the State of New Mexico filed their response on January 14, 2022. Doc. 17. Mr. Aguilar did not file a reply and the time to do so has now passed. *See* D.N.M.LR-Civ. 7.4(a). Having read the briefing and being fully advised, the Court finds that the motion is not well-taken and DENIES it.

    Mr. Aguilar contends that he is entitled to an evidentiary hearing on his ineffective-assistance-of-counsel claims because although he presented affidavits and documents supporting his arguments in state court, the state court denied him a hearing. Doc. 16 at 1. Respondents contend that the federal court is limited to the record that was before the state court. Doc. 17 at 1–2. I agree with Respondents.

    When a state court adjudicates a petitioner's claim on the merits, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) bars the federal court from granting relief except in two narrow circumstances:

> First, we can grant relief if the state court's decision was contrary to, or an unreasonable application of, clearly established federal law the Supreme Court established.
>
> Second, we can grant relief if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."

*Smith v. Aldridge*, 904 F.3d 874, 880 (10th Cir. 2018) (citing 28 U.S.C. §§ 2254(d)(1) and quoting (d)(2)). In assessing whether a petitioner has satisfied these standards, the Court is "limited to the record that was before the state court that adjudicated the claim[s] on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Smith*, 904 F. 3d at 886 n.6.

To the extent Mr. Aguilar contends that his claims are based on a decision that was contrary to or involved an unreasonable application of the law, pursuant to § 2254(d)(1), an evidentiary hearing that is intended to develop the facts is unnecessary.

On the other hand, presuming Mr. Aguilar is asking for an evidentiary hearing based on an unreasonable determination of the facts, that determination must be made "in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In other words, the explicit terms of 28 U.S.C. § 2254(d)(2) focuses the Court's review solely on the record presented before the state court. *Smith*, 904 F. 3d at 866 n. 6.

Mr. Aguilar does not dispute that the state courts have adjudicated his constitutional claims on the merits, as pointed out by Respondents. Doc. 17 at 1. This Court, therefore, must analyze Mr. Aguilar's habeas claims, "in light of the evidence presented in the State court proceeding," and cannot rely on any additional evidence presented in a hearing.

To the extent Mr. Aguilar is arguing that he is entitled to an evidentiary hearing pursuant to 28 U.S.C. § 2254(e) because he was denied a hearing in the state court, the motion fails. In *Smith*, the petitioner made a similar argument.

> Although that subsection bars federal courts from holding evidentiary hearings if the petitioner "failed to develop the basis of the claim in State court," 28 U.S.C. § 2254(e)(2), it does not bar us from holding a hearing in this case, Smith says, because she *did* try to develop the basis of her claim before the OCCA by requesting an evidentiary hearing.

*Smith*, 904 F.3d 885–86 (emphasis in original).  The Tenth Circuit rejected Smith's argument because "when we review petitions under §2254, we can only order evidentiary hearings if the petitioner meets the requirements in *both* §§ 2254(d) and (e)(2)."  *Id.* at 886 (emphasis in original).  In *Smith*, as in this case, "so long as § 2254(d)'s disallowance of relief continues to apply, federal courts *cannot consider* any evidence developed at an evidentiary hearing."  *Id.* (emphasis in original).  Thus, the Court cannot consider any evidence developed at an evidentiary hearing because § 2254(d) continues to apply to this case.

IT IS THEREFORE ORDERED that petitioner Anthony J. Aguilar's motion for an evidentiary hearing, filed January 10, 2022, (Doc. 16) is DENIED.

_____
Laura Fashing
United States Magistrate Judge

3